Cletus Robert **ANDERSON**, Petitioner–Appellant,

v.

Barry J. **NIDORF**, Chief Probation Officer; Attorney General of the State of California, Respondents–Appellees.

No. 93–55131.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 2, 1993.

Decided June 7, 1994.

As Amended July 6, 1994.

John E. Douglass and Michele S. Douglass, Long Beach, CA, for petitioner-appellant.

Sanjay T. Kumar, Los Angeles, CA, for respondents-appellees.

Before: TANG, CANBY, and BEEZER, Circuit Judges.

PER CURIAM:

## OVERVIEW

Cletus Robert Anderson appeals the district court's denial of his habeas corpus petition challenging his conviction under California Penal Code § 653w for failure to disclose the origin of a sound recording. Anderson claims that this California statute is preempted by federal copyright laws and violates the First Amendment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

At a flea market in May of 1990, a Los Angeles County Deputy Sheriff approached Cletus Anderson, who was selling almost 5,000 tapes which appeared to be pirated.[1] When Anderson could not produce any documentation demonstrating the origin or manufacturer of the tapes, he was arrested for failure to disclose the origin of a sound recording, in violation of California Penal Code § 653w.[2]

Anderson waived a jury trial and was convicted by the state court on November 20, 1990. He was sentenced to 180 days in county jail and five years probation. A California Court of Appeals affirmed Anderson's conviction on appeal, rejecting his arguments that the California statute was preempted by federal copyright laws and that his conviction violated the First Amendment. *People v. Anderson*, 235 Cal.App.3d 586, 286 Cal.Rptr. 734 (1991). The California Supreme Court denied review on January 22, 1992. Anderson then filed a petition for habeas

---

1. "Piracy is the term used for unauthorized duplication of original commercial products." *See Piracy and Counterfeiting Amendments Act of 1982*, S.Rep. No. 97–274, 97th Cong. 1st Sess. 3, *reprinted in* 2 U.S.Code Cong. & Admin.News 127, 129 (1982). This is to be distinguished from "bootlegging" which is the unauthorized recording of a performance.

2. Section 653w(a) provides in relevant part:
   A person is guilty of failure to disclose the origin of a recording or audiovisual work when, for commercial advantage or private financial gain, he or she knowingly advertises or offers for sale or resale, or sells or resells, or causes the rental, sale or resale, or rents, or manufactures, or possesses for these purposes, any recording or audiovisual work, the outside cover box or jacket of which does not clearly and conspicuously disclose the actual true name and address of the manufacturer thereof and the name of the actual author, artist, performer, producer, programmer, or group.

corpus in federal district court, but accepted a dismissal without prejudice in order to petition the California courts for post-conviction relief. After the California Supreme Court denied Anderson's state petition for habeas corpus on May 27, 1992, Anderson filed a second petition in federal district court. The court adopted the magistrate judge's Report and Recommendation denying Anderson's petition for habeas corpus.

## DISCUSSION

■ A district court's decision on a petition for writ of habeas corpus is reviewed *de novo*. *Lincoln v. Sunn*, 807 F.2d 805, 808 (9th Cir.1987).

### I. *Is California Penal Code § 653w preempted by federal copyright laws?*

■ The federal copyright laws preempt state-created "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). We have held:

> Section 301(a) preempts a state-created right if that right "may be abridged by an act which, in and of itself, would infringe one of the exclusive rights [listed in § 106]." But if violation of the state right is "predicated upon an act incorporating elements beyond mere reproduction or the like," there is no preemption.

*Oddo v. Ries*, 743 F.2d 630, 635 (9th Cir. 1984) (citations omitted). *See also G.S. Rasmussen & Assoc. v. Kalitta Flying Service, Inc.*, 958 F.2d 896, 904 (9th Cir.1992) (following *Oddo*), *cert. denied*, —— U.S. ——, 113 S.Ct. 2927, 124 L.Ed.2d 678 (1993).

Anderson argues that § 653w is preempted by copyright laws because § 653w is intended to protect the rights of copyright owners through the prevention of pirating. It is clear that this is *one* of the purposes of the statute. The California Court of Appeals explained:

> Penal Code section 653w was enacted as part of a comprehensive statutory scheme designed to prevent and punish the misappropriation of recorded music for commercial advantage or private financial gain. (Pen.Code, § 653h.)

. . . .

The state's interest in enacting Penal Code section 653w is the desire to protect the public in general, and the many employees of the vast entertainment industry in particular, from the hundreds of millions of dollars in losses suffered as a result of the "piracy and bootlegging" of the industry's products.

*Anderson,* 286 Cal.Rptr. at 735, 737.

However, the statute also has the purpose of "protecting the public from being victimized by false and deceptive commercial practices." *Id.* at 737. This point was made by the district court:

> [Anderson's] argument ignores the other purpose the legislative materials ... show Section 653w was designed to serve: '*assist[ing] consumers in this state by mandating that manufacturers market product[s] for which consumers can go back to the source if there are any problems or complaints.*' Preemption would frustrate the State's objective of consumer protection through disclosure.

[ER 18 n. 4. (emphasis in original; internal citations omitted).] Federal copyright laws do not serve this purpose of protecting consumers. They are designed to protect the property rights of copyright owners. *See, e.g., Wheaton v. Peters,* 33 U.S. (8 Pet.) 591, 603, 8 L.Ed. 1055 (1834).

Further, the California statute criminalizes selling recordings whose labels fail to disclose the manufacturer or author; it does not criminalize unauthorized duplication or "bootlegging" of copyrighted works. An act criminalized by § 653w thus does not "in and of itself ... infringe one of the exclusive rights" listed in the copyright laws. *Oddo,* 743 F.2d at 635. The statute incorporates "elements beyond mere reproduction or the like," *id.,* i.e. failing to appropriately label recordings for sale.

Because § 653w does not prohibit the reproduction of copyrighted works, but rather prohibits selling recordings without disclosing the manufacturer and author of the recording (regardless of its copyright status), the federal copyright laws do not preempt the state statute.

## II. Does California Penal Code § 653w violate the First Amendment?

Anderson makes two arguments attacking the constitutionality of § 653w: first, that the statute is facially invalid under the First Amendment[3] because it compels the disclosure of the identity of the speaker, and second, that it is unconstitutionally overbroad.[4] Although these two lines of attack overlap, and do so particularly in this case, the Supreme Court has sometimes distinguished between the two. In claiming that a statute is unconstitutional on its face, the litigant asserts his own rights but also seeks to demonstrate that the statute is so suppressive of speech that it could never be validly applied. *See City Council v. Taxpayers for Vincent*, 466 U.S. 789, 796–798, 104 S.Ct. 2118, 2124–25, 80 L.Ed.2d 772 (1984). In an overbreadth challenge, the litigant contends that, even though a more narrowly drawn statute could validly prohibit his or her own conduct, the statute in issue is invalid because it is so broadly written that it infringes unacceptably on the first amendment rights of third parties. *Id.* at 798–99, 104 S.Ct. at 2125–26.

### A.

■ Anderson first argues that the statute is facially invalid under the First Amendment because it compels the disclosure of speech by those wishing to remain anonymous for legitimate reasons. However, Anderson does not claim that he has a legitimate reason for failing to disclose the origin of the tapes and does not contend that his own speech rights were inhibited by the statute's disclosure requirement. His arguments relate wholly to the infringement of rights of others, which we will discuss in connection with his overbreadth challenge.

Anderson bases his case on *Talley v. California*, 362 U.S. 60, 80 S.Ct. 536, 4 L.Ed.2d 559 (1960), in which the Supreme Court sustained a facial challenge to an ordinance that banned all anonymous handbills purportedly in order to prevent false advertising and libel. Citing the important reasons for protecting anonymous political discourse, the Court held that the restriction impermissibly impaired freedom of expression. *Id.* at 64–65, 80 S.Ct. at 538–39. The Court rejected the argument that the ordinance was justified by its purpose of identifying those responsible for fraud, false advertising and libel because the ordinance's effect was not so limited, nor had the Court been referred to legislative history indicating such a purpose. *Id.* at 64, 80 S.Ct. at 538.

There are several distinctions between *Talley* and the present case. Here, there is legislative history indicating that § 653w was enacted both to protect consumers and to prevent tape and record piracy. While tapes and records are doubtless speech, as Anderson contends, they are also products. Section 653w protects consumers by providing them with a name and address to which to complain if the product is defective. Disclosure of the manufacturer also protects against piracy. Anderson contends that this latter interest of the state easily could be served by narrowing the statute to criminalize only anonymous sales "without the consent of the owner" of the sound or video message. But such a limitation, which might adequately serve the state's anti-piracy interest, would largely defeat its consumer-protection interest.

In addition, § 653w is limited to sales and possession for sale of recordings or audiovisual works, and such conduct must be "for commercial advantage or private financial gain." § 653w. This limitation appears to be designed to except not only free distribution of anonymous materials, but sale under certain conditions, as when one urging a point of view sells the record or tape to cover its cost. *Cf. Murdock v. Pennsylvania*, 319 U.S. 105, 111, 63 S.Ct. 870, 874, 87 L.Ed. 1292 (1943) (religious tracts protected even if sold; "It should be remembered that the pamphlets of Tom Paine were not distributed

---

**3.** The Fourteenth Amendment has been construed to make the First Amendment applicable to state action. *City of Cincinnati v. Discovery Network, Inc.*, ─ U.S. ──, ── n. 1, 113 S.Ct. 1505, 1508 n. 1, 123 L.Ed.2d 99 (1993).

**4.** Anderson also argues that the statute is void for vagueness, but these arguments actually go to the overbreadth of the statute.

free of charge"). At least, § 653w is capable of such a narrowing construction.

We are satisfied, therefore, that § 653w is sufficiently narrow and tailored to the state's content-neutral interests that it may constitutionally be applied to Anderson's sales, for commercial gain. The statute is not one that can "never be applied in a valid manner." *Taxpayers for Vincent,* 466 U.S. at 798, 104 S.Ct. at 2125.

### B.

■ Even though the statute may be validly applied to Anderson he argues that the statute is nonetheless so overbroad it "may inhibit the constitutionally protected speech of third parties." *New York State Club Ass'n, Inc. v. City of New York,* 487 U.S. 1, 11, 108 S.Ct. 2225, 2233, 101 L.Ed.2d 1 (1988).[5] A statute will be declared unconstitutional only if the court finds "a 'realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court.'" *Id.* (quoting *Taxpayers for Vincent,* 466 U.S. at 801, 104 S.Ct. at 2126). The overbreadth must be not only "real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma,* 413 U.S. 601, 615, 93 S.Ct. 2908, 2918, 37 L.Ed.2d 830 (1973).

Anderson asserts that performers and manufacturers have the right to maintain their anonymity, a peculiar argument considering that most of their lives are consumed in marketing their identity. The primary purpose of § 653w is to prevent the piracy of the works of these performers and manufacturers; the probability that its disclosure requirement will exert a dreaded chilling effect on these performers and manufacturers is close to zero. Certainly the application of § 653w is constitutional in these many in-

stances when the speakers themselves desire disclosure. On this ground alone, Anderson's claim of substantial overbreadth founders.

Anderson cites examples of legitimate, non-pirated sound recordings which would be subject to prosecution under § 653w for failure to include the manufacturer on the label, including some old, out-of-state and foreign recordings, and those in which a record company contracts out the manufacture to another firm but does not place that name on the recording. Anderson also raises again the possibility that some protected political or anti-establishment recordings will be chilled by the statute (although, as we have said, they will be limited to those sold for commercial gain or private profit). These arguments do not, however, establish that the overbreadth of section 653 is substantial in comparison with its legitimate sweep. *See Broadrick,* 413 U.S. at 615, 93 S.Ct. at 2917. Certainly Anderson has made no showing to that effect. "Even where a statute at its margins infringes on protected expression," facial invalidation for overbreadth is inappropriate when the remainder covers a whole range of constitutionally proscribable conduct. *Osborne v. Ohio,* 495 U.S. 103, 112, 110 S.Ct. 1691, 1697, 109 L.Ed.2d 98 (1990).[6] We accordingly reject Anderson's overbreadth challenge.[7]

### CONCLUSION

The district court's denial of Anderson's petition for writ of habeas corpus is **AF-FIRMED.**

---

5. "Properly understood, [this] challenge is an exception to ordinary standing requirements, and is justified only by the recognition that free expression may be inhibited almost as easily by the potential or threatened use of power as by the actual exercise of that power." *Id.*

6. Our rejection of the overbreadth challenge does not, of course, preclude a constitutional challenge to a future application of the statute to one whose speech is constitutionally protected. *See*

*Shackelford v. Shirley,* 948 F.2d 935, 941 n. 5 (5th Cir.1991).

7. Because the statute is not overbroad, we need not reach the parties' arguments whether the labelling of sound recordings is commercial or noncommercial speech. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 497, 102 S.Ct. 1186, 1192, 71 L.Ed.2d 362 (1982) (overbreadth doctrine does not apply to commercial speech).