Brian P. CORCORAN, Petitioner–Appellant,

v.

Michael SULLIVAN, Respondent–Appellee.

No. 95–3352.

United States Court of Appeals,
Seventh Circuit.

Submitted March 4, 1997.

Decided April 28, 1997.

Brian P. Corcoran (submitted on briefs), Milwaukee, WI, for Petitioner–Appellant.

Sally L. Wellman, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondent–Appellee Michael Sullivan.

Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.

POSNER, Chief Judge.

This unusual appeal asks us to reverse the denial of relief sought by a state prisoner who claims that his crime was privileged by federal copyright law. Brian Corcoran was hired by a consulting firm to write computer programs that would enable the processing of data owned by the firm. His work was full of errors, and he became concerned that he wouldn't be paid. So, in anticipatory revenge, he installed in one of the programs a software time bomb that was set to go off, deleting the programs from the firm's computer's memory, at a specified date and time if he activated the device by a harmless-appearing instruction. Deleting the program would also, as Corcoran knew and intended, delete any data that the firm had supplied to him for use in the programs as soon as someone entered new data into the computer. Eventually Corcoran instructed the firm to give the computer that innocent-appearing instruction. The firm did so, and unknowingly deleted the programs. As a result, the firm's data were lost forever when, still unaware of Corcoran's plot, the firm later inputted new data. Convicted and sentenced under a Wisconsin law that criminalizes the willful destruction of computer data, Wis.

Stat. § 943.70(2)(a)2; see *State v. Corcoran*, 186 Wis.2d 616, 522 N.W.2d 226 (Wis.App. 1994), Corcoran asked for federal habeas corpus primarily on the ground that federal copyright law entitles him to destroy his own copyrighted software; it is conceded that he had a valid copyright in the programs that he wrote for the consulting firm.

The anterior question is whether this is the *kind* of defense to a state criminal charge that can be made the subject of a collateral attack on the conviction under the federal habeas corpus statute. Any claim of federal preemption of a state statute is a federal constitutional claim because the basis of such preemption is the supremacy clause; and anyway the habeas corpus statute embraces violations of the "laws," as well as of the Constitution, of the United States. But habeas corpus (and its federal-prisoner substitute, a motion under 28 U.S.C. § 2255 to vacate the prisoner's sentence) is available only to correct *fundamental* errors in the criminal process, see, e.g., *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *Reed v. Farley*, 512 U.S. 339, 348, 114 S.Ct. 2291, 2297, 129 L.Ed.2d 277 (1994) (plurality opinion); *Hussong v. Warden*, 623 F.2d 1185, 1190–91 (7th Cir. 1980), and as an original matter it is not altogether easy to see how an error in the interpretation of a federal statute (for preemption turns on the interpretation of the statute claimed to preempt, *Barnett Bank v. Nelson*, —— U.S. ——, ——, 116 S.Ct. 1103, 1107, 134 L.Ed.2d 237 (1996); *Louisiana Public Service Comm'n v. FCC*, 476 U.S. 355, 368–69, 106 S.Ct. 1890, 1898–99, 90 L.Ed.2d 369 (1986); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1412 (7th Cir.1987); Lawrence H. Tribe, *American Constitutional Law* § 6–25, p. 480 (2d ed. 1988)) that is unrelated to criminal procedure could be thought fundamental to the propriety of the petitioner's continued imprisonment. If Corcoran is right, the Wisconsin state courts erred in holding that federal copyright law does not extend its protection to (and therefore confer an implied right of destruction of) property owned by another but physically embodied in the copyrighted work. Such an "error" of statutory interpretation would not

appear to be the stuff of which habeas corpus is made. Although convicting a person for engaging in conduct that the law does not make criminal was held in *Davis v. United States,* 417 U.S. 333, 346–47, 94 S.Ct. 2298, 2304–06, 41 L.Ed.2d 109 (1974) (and many later cases, illustrated by *Johnson v. United States,* 805 F.2d 1284, 1288 (7th Cir.1986)) to be a denial of due process that can be remedied by means of an application for federal habeas corpus (actually a motion under 28 U.S.C. § 2255 in the cases we have cited, but the principle is equally applicable to habeas corpus), there is no doubt that Wisconsin has attempted to criminalize Corcoran's conduct. The only question is whether the Wisconsin courts erred in failing to recognize a defense. And while we have found two cases in which courts considered copyright preemption claims in federal habeas corpus proceedings, *Anderson v. Nidorf,* 26 F.3d 100 (9th Cir. 1994); *Crow v. Wainwright,* 720 F.2d 1224 (11th Cir.1983), in neither did the court allude to a possible jurisdictional issue, so neither is a precedent on the issue. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 119, 104 S.Ct. 900, 918, 79 L.Ed.2d 67 (1984); *Glidden v. Chromalloy American Corp.,* 808 F.2d 621, 625 (7th Cir.1986); cf. *United States v. Kucik,* 844 F.2d 493, 498 (7th Cir.1988).

Nevertheless we think that *Davis* controls, and makes actionable by federal habeas corpus a claim that a state conviction violates due process because the conviction is based on a statute that has been preempted—wiped out (e.g., *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 516, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992); *EEOC v. Illinois,* 69 F.3d 167, 169 (7th Cir.1995))—by a federal statute. *Davis* holds that habeas corpus provides a remedy to a person who is convicted of engaging in conduct that is not criminal; and by virtue of the supremacy clause, a federal statute can nullify a state criminal statute and if it does so the state can no longer criminalize conduct within the federal statute's preemptive scope. The state statute (more precisely, so much of it as is preempted) is wiped out as effectively as if it had been repealed; and the defendant can no more be convicted under it, consistent with due process, than he could be convicted under a repealed statute.

So we have jurisdiction of Corcoran's copyright claim, but the merits of it need detain us only briefly. *Of course* federal copyright law does not preempt state criminal prosecutions for destroying noncopyrighted property that is commingled with a copyrighted work. Otherwise an author invited into the home of someone who had bought one of his books would have a legal privilege to tear up the book if he had retained the copyright in it. In that hypothetical case the copyrighted work is embodied in a physical medium that is not itself copyrighted, and the Copyright Act is explicit that "ownership of a copyright, or of any of the exclusive rights under a copyright, is distinct from ownership of any material object in which the work is embodied." 17 U.S.C. § 202; see *Schiller & Schmidt, Inc. v. Nordisco Corp.,* 969 F.2d 410, 413 (7th Cir.1992). In this case, noncopyrighted work is embedded in copyrighted work; but the result is the same. Corcoran did not have, and could not have acquired, a copyright in the firm's data, even though he embedded those data in his copyrighted programs. 17 U.S.C. § 103(b); *Feist Publications, Inc. v. Rural Telephone Service Co.,* 499 U.S. 340, 344–45, 111 S.Ct. 1282, 1286–87, 113 L.Ed.2d 358 (1991); *Rockford Map Publishers, Inc. v. Directory Service Co. of Colorado, Inc.,* 768 F.2d 145, 148 (7th Cir.1985). What he destroyed was therefore not covered by his copyright, or its destruction privileged by virtue of the copyright in the programs. The Copyright Act provides that nothing in it "annuls or limits any rights or remedies under the common law or statutes of any State with respect to activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified" in the Act. 17 U.S.C. § 301(b)(3); see *United States Trotting Ass'n v. Chicago Downs Ass'n, Inc.,* 665 F.2d 781, 786 (7th Cir.1981) (en banc); *National Car Rental System, Inc. v. Computer Associates Int'l, Inc.,* 991 F.2d 426 (8th Cir.1993). The Act granted Corcoran no rights over the firm's data, as we have seen, and therefore, by force of the provision that we just quoted (yet the conclusion would be obvious without

it), did not prevent Wisconsin from criminalizing activities that invaded the firm's property rights in those data.

Corcoran also mounts some more conventional challenges to the legality of his conviction, such as that the computer-crimes statute is unconstitutionally vague; but they have too little merit to warrant discussion.

AFFIRMED.