TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-212 |
| of | : | |
| | : | June 5, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE STEVE BALDWIN, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

Is the Department of Alcoholic Beverage Control required to revoke a liquor license for a third violation of selling alcohol to a minor within a 36-month period?

CONCLUSION

The Department of Alcoholic Beverage Control may but is not required to revoke a liquor license for a third violation of selling alcohol to a minor within a 36-month period.

ANALYSIS

The Constitution provides for the licensure by the Department of Alcoholic Beverage Control ("Department") of establishments selling alcoholic beverages within the state. Section 22 of article XX of the Constitution states in part:

"The State of California, subject to the internal revenue laws of the United States, shall have the exclusive right and power to license and regulate the manufacture, sale, purchase, possession and transportation of alcoholic beverages within the State . . . .

"All alcoholic beverages may be bought, sold, served, consumed and otherwise disposed of in premises which shall be licensed as provided by the Legislature. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

"The sale, furnishing, giving, or causing to be sold, furnished, or giving away of any alcoholic beverage to any person under the age of 21 years is hereby prohibited, and no person shall sell, furnish, give, or cause to be sold, furnished, or given away any alcoholic beverage to any person under the age of 21 years, and no person under the age of 21 years shall purchase any alcoholic beverage.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"The Department of Alcoholic Beverage Control shall have the exclusive power, except as herein provided and in accordance with laws enacted by the Legislature, to license the manufacture, importation and sale of alcoholic beverages in this State, and to collect license fees or occupation taxes on account thereof. The department shall have the power, in its discretion, to deny, suspend, or revoke any specific alcoholic beverages license if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals, or that a person seeking or holding a license has violated any law prohibiting conduct involving moral turpitude. It shall be unlawful for any person other than a licensee of said department to manufacture, import or sell alcoholic beverages in this State.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

The Legislature has implemented these constitutional provisions by enacting the Alcoholic Beverage Control Act (Bus. & Prof. Code, §§ 23000-25762; "Act"). **Footnote No. 1**

The question presented for resolution is whether the Act requires the Department to revoke a liquor license for a third violation of selling alcohol to a minor within a 36-month period. We conclude that the Department may but is not required to revoke a liquor license for a third violation of selling alcohol to a minor within a 36-month period.

The Act contains specific provisions for the suspension and revocation of a liquor license. (§§ 24200-24211.) Additional provisions deal expressly with the sale of alcohol to a person under the age of 21. (§§ 25658-25667.) Section 25658 states:

"(a) Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor.

"(b) Any person under the age of 21 years who purchases any alcoholic beverage, or any person under the age of 21 years who consumes any alcoholic beverage in any on-sale premises, is guilty of a misdemeanor.

"(c) Any on-sale licensee who knowingly permits a person under the age of 21 years to consume any alcoholic beverage in the on-sale premises, whether or not the licensee has knowledge that the person is under the age of 21 years, is guilty of a misdemeanor. . . ."

Normally, a licensee faced with a possible suspension of a license for having violated the laws or regulations concerning the sale of alcoholic beverages may make an offer of compromise under which a fine is paid in lieu of suspension. (§ 23095.) The Legislature has, however,

adopted specific provisions to deal with repeated violations of section 25658. Section 25658.1, the focus of this opinion, states:

"(a) Notwithstanding any other provision of this division, no licensee may petition the department for an offer in compromise pursuant to Section 23095 for a second or any subsequent violation of Section 25658 that occurs within 36 months of the initial violation.

"(b) Notwithstanding Section 24200, the department may revoke a license for a third violation of Section 25658 that occurs within any 36-month period. This provision shall not be construed to limit the department's authority and discretion to revoke a license prior to a third violation when the circumstances warrant that penalty." **Footnote No. 2**

Under subdivision (b) of section 25658.1, is the Department required to revoke a license for a third violation of selling to a minor within a 36-month period?

In interpreting the provisions of section 25658.1, we follow well established principles of statutory construction. "When interpreting a statute our primary task is to determine the Legislature's intent. [Citation.]" (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826.) "To determine the intent of legislation, we first consult the words themselves, given them their usual and ordinary meaning. [Citations.]" (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.)

Applying these principles, we find that subdivision (b) of section 25658.1 states that the Department "may" revoke a license for a third violation of 25658 in a 36-month period. It is well settled that the word "may" is ordinarily construed as permissive and as a grant of discretion. (*Common Cause* v. *Board of Supervisors* (1989) 49 Cal.3d 432, 463; *In re Richard E.* (1978) 21 Cal.3d 349, 354; 80 Ops.Cal.Atty.Gen. 155, 157 (1997).) As applicable to section 25658.1, section 19 states: "'Shall' is mandatory and 'may' is permissive."

The legislative history of section 25658.1 supports the determination that "may" is permissive in the statute, granting the Department administrative discretion. Section 25658.1 was adopted in 1994. (Stats. 1994, ch. 627, § 7.) During the legislative process, the bill was amended on June 13, 1994, to provide: "Notwithstanding Section 24200, the department shall revoke a license for a third violation of section 25658 that occurs within any 36-month period." However, by amendment on August 9, 1994, the term "shall" was changed to "may," and "may" was retained in all subsequent versions of the bill.

Where the Legislature deliberately changes the language of a bill from "shall" to "may," we may infer an intent to use "may" as a permissive term. "'Successive drafts of a bill may be helpful in construing a statute . . . .' [Citation.]" (*O'Brien* v. *Dudenhoeffer* (1993) 16 Cal.App.4th 327, 334.) "'The rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision.' [Citation.]" (*Rich* v. *State Board of Optometry* (1965) 235 Cal.App.3d 591, 607; accord, *Silva* v. *Superior Court* (1993) 14 Cal.App.4th 562, 570; see also *California Mfrs. Assn.* v. *Public Utilities Com.* (1979) 24 Cal.3d 836, 845-846; *Madrid* v. *Justice Court* (1975) 52 Cal.App.3d 819, 825.)

Under these circumstances, therefore, it is clear that the Department is not *required* to revoke a license for a third violation of section 25658 in a 36-month period. It is also clear that the Department may exercise its administrative discretion to revoke a license when there have been three violations in a 36-month period. That authority is conferred by the Constitution (Cal. Const., art. XX, § 22), by section 24200, and by section 25658.1.

Of course, a license may be revoked or suspended only after the licensee has been afforded an opportunity for a hearing under the Administrative Procedure Act (Gov. Code, §§ 11500-11529). (See § 24210.) A licensee has both a constitutional (Cal. Const., art. XX, § 22, subd. (d)) and statutory (§§ 23080-23083) right to appeal a revocation or suspension by the Department to the Alcoholic Beverage Control Appeals Board ("Board"). A licensee may thereafter seek judicial review of the decision of the Board. (§§ 23090-23090.7.) Accordingly, the Department has the discretion to seek revocation whenever a licensee has violated section 25658 three times in a 36-month period, and if the licensee believes the Department has abused its discretion, the licensee may seek review by the Board and thereafter by a court.

We conclude that the Department may but is not required to revoke a liquor license for a third violation of selling alcohol to a minor within a 36-month period.

∗ ∗ ∗ ∗ ∗

---

**Footnote No. 1**
All statutory references will be to the Business and Professions Code unless otherwise designated.
**Footnote No. 2**
Section 24200 specifies the grounds for suspending or revoking a liquor license.

---