**Brian P. CORCORAN, Plaintiff–Appellant,**

v.

**Paul E. BUCHER, Waukesha County District Attorney, Defendant–Appellee.**

No. 01–4066.

United States Court of Appeals, Seventh Circuit.

Submitted July 24, 2002 *.

Decided July 24, 2002.

Before CUDAHY, COFFEY, and ROVNER, Circuit Judges.

ORDER

Brian P. Corcoran brought this lawsuit under 42 U.S.C. § 1983, alleging a deprivation of his constitutional rights stemming from his state-court conviction. The district court dismissed Corcoran's complaint for failure to state a claim. We affirm.

In February 1993 a state court jury convicted Corcoran under a Wisconsin statute that criminalizes the willful destruction of computer data. Wis. Stat. § 943.70(2)(a)2. Corcoran challenged his conviction on appeal by arguing that federal copyright law preempted the state statute. The Wisconsin appellate court upheld the conviction, *State v. Corcoran*, 186

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Wis.2d 616, 522 N.W.2d 226 (Wis.Ct.App. 1994), and the Wisconsin Supreme Court then denied Corcoran's petition for review. Having exhausted his state remedies, Corcoran filed a petition for writ of habeas corpus in federal district court. The district court denied Corcoran's petition, and he appealed to this court. We affirmed, explaining that, even if Corcoran's work was protected by federal copyright law, he still did not have the right to destroy non-copyrighted data commingled with his work. *See Corcoran v. Sullivan,* 112 F.3d 836, 838 (7th Cir.1997).

In July 2001 Corcoran filed a petition in federal court seeking declaratory and injunctive relief against Paul Bucher (the state prosecutor) and the State of Wisconsin, again arguing that federal copyright law preempted the state criminal statute. Corcoran later amended his complaint, naming only Bucher as a defendant. In his petition Corcoran seeks to have his state conviction vacated, along with an order enjoining the State of Wisconsin from depriving him of civil rights (such as the rights to hold public office and to keep and bar arms) as a consequence of his conviction and from maintaining any public record that "impacts adversely upon [his] reputation ... as a consequence of his conviction."

Although his petition purports to seek relief under 42 U.S.C. § 1983, Corcoran cannot use a civil rights suit to challenge his state conviction. *See Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). If Corcoran were still in custody and seeking to challenge his conviction, then his sole federal remedy would be a writ of habeas corpus under 28 U.S.C. § 2254. *See id.* Because we have already denied Corcoran's first habeas corpus petition, *see Corcoran,* 112 F.3d at

836–39, he would be foreclosed from filing a successive petition for habeas corpus unless he first received advanced approval from this court under the restrictive standard outlined in 28 U.S.C. § 2244(b). But Corcoran is no longer in custody; therefore, his only remedy for attacking the civil consequences of his conviction would be a writ in the nature of *coram nobis. See Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2000); *United States v. Bush,* 888 F.2d 1145 (7th Cir.1989); *Johnson v. United States,* 838 F.2d 201, 202 (7th Cir.1988). In any event Corcoran cannot collaterally attack his state conviction with a § 1983 lawsuit, *see Preiser,* 411 U.S. at 500, and the district court was correct to dismiss his petition.

Accordingly, the district court's judgment is AFFIRMED.