**Carl L. BUGGS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 97–3302.

United States Court of Appeals, Seventh Circuit.

Submitted April 21, 1998.*

Decided Aug. 17, 1998.

---

* This successive appeal has been submitted to the same panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a); 7th Cir. R. 34(f).

Carl L. Buggs (submitted), Elkton, OH, Petitioner–Appellant Pro Se.

Andrew B. Baker, Jr., Office of the United States Attorney, Dyer, IN, for Respondent–Appellee.

Before, FLAUM, EASTERBROOK and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Carl L. Buggs was convicted by a jury of numerous firearms and narcotics offenses. He appealed his sentence and we affirmed the judgment. *See United States v. Buggs*, 904 F.2d 1070 (7th Cir.1990). Mr. Buggs then filed a petition under 28 U.S.C. § 2255. He argued that he had received ineffective assistance of counsel at his sentencing and on direct appeal. He also contended that the calculation of the amount of drugs used in his sentencing was erroneous due to a change in the Sentencing Guidelines and that his 18 U.S.C. § 924(c) conviction was invalid in light of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The district court denied his petition and Mr. Buggs appealed.

# I

## BACKGROUND

Our earlier opinion sets forth in detail the facts of the case. We shall assume familiarity with that rendition and confine this description to a brief summary.

In 1988, Mr. Buggs discussed with William Perry a plan to establish a narcotics distribution operation: Mr. Buggs would provide Perry with cocaine and heroin to sell. Unbeknownst to Mr. Buggs, Perry was acting as an informant for law enforcement officers. On June 16, 1988, Officer John T. Jones accompanied Perry to a house in South Bend, Indiana, to purchase heroin from Mr. Buggs. While these three individuals waited in the living room of the house for the heroin to be delivered, Mr. Buggs became nervous about the delay. After placing a telephone call, Mr. Buggs went into a bedroom and returned to the living room carrying a large pistol. Both Officer Jones and Perry observed Mr. Buggs carry the firearm into the room. Mr. Buggs then placed the weapon next to him on the couch and proceeded to measure out two to three ounces of cocaine into individual packets. Eventually, an individual arrived with the heroin; Perry then purchased approximately one-half ounce of heroin from Mr. Buggs. Perry and Mr. Buggs also discussed arrangements for a second transaction, and Mr. Buggs agreed to provide three to seven ounces of heroin at $800 per ounce.

On June 30, 1988, Officer Jones and Perry returned to Mr. Buggs' house to purchase additional heroin. Mr. Buggs informed them that the heroin had been "overcut" and therefore was unsalable, but assured them that he could obtain the heroin that he had agreed to sell. Officer Jones gave Mr. Buggs $1,500 as partial payment for an expected four to six ounces of heroin. Mr. Buggs stated that he could obtain the heroin that afternoon and that they should call his house later that day. Perry subsequently made several calls to Mr. Buggs' residence and spoke each time to Mr. Buggs' fiancee. During the last conversation, Perry was told that Mr. Buggs had been unable to obtain the heroin but would be returning to his home shortly with a substitute. As he was driving home, however, Mr. Buggs' car was stopped and he was arrested by officers conducting surveillance. A search of the car revealed rock cocaine, powder cocaine and marijuana.

At trial, a jury found Mr. Buggs guilty of the following offenses: (1) possession with intent to distribute heroin on June 16, 1988; (2) possession with intent to distribute cocaine on June 16, 1988; (3) possession with intent to distribute cocaine on June 30, 1988; (4) conspiracy to distribute and possess with the intent to distribute heroin; (5) possession of a firearm by a convicted felon; and (6) using or carrying a firearm during and in relation to a narcotics offense. In due course, we affirmed the judgment of conviction.

Mr. Buggs later brought this petition under 28 U.S.C. § 2255. The district court denied relief. It then granted Mr. Buggs a certificate of appealability on only two issues: (1) whether his counsel provided ineffective assistance at sentencing and on appeal; and (2) whether the amount of drugs involved in the offense was erroneously calculated. On appeal, Mr. Buggs' brief lists five issues, although only three are actually argued: (1) whether Mr. Buggs was provided ineffective assistance of counsel at sentencing and on appeal with respect to the amount of drugs attributable to him; (2) whether changes in the Sentencing Guidelines warrant a change in Mr. Buggs' sentence; and (3) whether Mr. Buggs' conviction under 18 U.S.C. § 924(c) is invalid in light of *Bailey*.

# II

## DISCUSSION

### A. Ineffective Assistance of Counsel

Mr. Buggs argues that his counsel was ineffective because he failed to argue that the district court incorrectly included the negotiated four ounces of heroin from June 30, 1988, in determining his sentence. Mr. Buggs asserts that counsel should have argued for the exclusion of the four ounces for two reasons. First, he argues that he was unable to obtain heroin on June 30, 1988, and

that the cocaine and marijuana he was carrying when he was apprehended was the substitute for the negotiated amount of heroin. He asserts that counting these "substitute" drugs and the negotiated heroin resulted in "double counting." Second, he argues that the negotiated heroin should not have been counted pursuant to U.S.S.G. § 2D1.4 (1988).

■ In order to establish ineffective assistance of counsel, a petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that the deficient performance rendered the proceedings unfair or unreliable. *See Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Mr. Buggs clearly fails to meet the first prong of this test on his double-counting argument. Both at sentencing and on direct appeal, Mr. Buggs' counsel argued that the negotiated amount of heroin should not be counted because Mr. Buggs planned to substitute other drugs for the negotiated amount of heroin. In the objections to the Presentence Investigation Report ("PSR"), counsel stated: "[T]he government's agents were advised that the deal for the heroin would not go down, and that something else (31 grams of cocaine) would be delivered. Therefore, the cocaine canceled out the heroin deal." PSR Addendum, Objection No. 1. Counsel also argued on direct appeal that the negotiated, but undelivered, amount of heroin should not be included. *See United States v. Buggs,* 904 F.2d 1070, 1077-78 (7th Cir.1990). Accordingly, counsel essentially presented the double-counting argument that Mr. Buggs asserts his counsel failed to make; therefore, his performance did not fall below an objective standard of reasonableness.

■ With respect to U.S.S.G. § 2D1.4 (1988), although counsel did not argue that Mr. Buggs was not reasonably capable of producing the four ounces of heroin, Mr. Buggs was not prejudiced by this omission because, as we held on direct appeal, there was no evidence that Mr. Buggs was not reasonably capable of producing the negotiated amount.[1] *See Buggs,* 904 F.2d at 1078. Therefore, Mr. Buggs did not receive ineffective assistance of counsel.

## B. Sentencing Guideline Amendment

■ Mr. Buggs next argues that, due to an intervening change in the Sentencing Guidelines after his direct appeal,[2] the district court abused its discretion in failing to remand his case for resentencing. According to Mr. Buggs, the district court should not have included in the sentencing calculation the four ounces of heroin that he negotiated to deliver but did not actually produce.[3]

---

1. As noted in our earlier opinion, *see Buggs,* 904 F.2d at 1078 n. 16, § 2D1.4 was amended between Mr. Buggs' sentencing and direct appeal. At the time of Mr. Buggs' sentencing, Application Note 1 to U.S.S.G. § 2D1.4 (1988) provided that, "[w]here the defendant was not reasonably capable of producing the negotiated amount, the court may depart and impose a sentence lower than the sentence that would otherwise result." U.S.S.G.App. C, Amendment 136. Effective November 1, 1989, the language quoted from Application Note 1 was deleted and replaced with the following language: "However, where the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing." *Id.* Even if we assume arguendo that this amendment was a clarification to be considered on direct appeal, this consideration would not affect Mr. Buggs' failure to establish prejudice. As previously stated, we held on direct appeal that there was no evidence that Mr. Buggs was not reasonably capable of producing the negotiated amount. Additionally, the record shows that the intent element was established because Mr. Buggs (1) devised and entered into a plan with Perry to supply him with heroin and cocaine, (2) provided Perry with heroin on a prior occasion, (3) stated that the heroin he planned to sell Perry had been "overcut", and (4) stated on June 30, 1988, that he would have the heroin for Perry that afternoon, accepted the $1,500 deposit from Officer Jones, and left his house in order to obtain the heroin. Therefore, even if the 1989 amendment was applicable on his direct appeal, Mr. Buggs was not prejudiced by his counsel's failure to argue that Mr. Buggs lacked the intent to produce the negotiated heroin.

2. *See U.S.S.G.App. C, Amendments 447 & 518.*

3. Although phrased somewhat differently, this issue is essentially the same as the issue designated in the certificate of appealability: "whether the amount of drugs involved in the offense was erroneously calculated." Therefore, we need not construe Mr. Buggs' inclusion of this argument in his appellate brief as an implicit request for a

A certificate of appealability is not permitted unless the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Even before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, we held that errors in the implementation of the Sentencing Guidelines are generally not cognizable in a collateral attack. *Scott v. United States,* 997 F.2d 340, 341–43 (7th Cir.1993); *see also United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir.1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255."). Here, Mr. Buggs argues that a subsequent amendment to the guidelines after his direct appeal makes the inclusion of the negotiated amount of heroin improper. This argument raises no constitutional issue; the issuance of a certificate of appealability was therefore inappropriate.

## C. Conviction Under 18 U.S.C. § 924(c)

Lastly, Mr. Buggs asserts that the district court erred in not vacating his conviction for using or carrying a firearm. *See* 18 U.S.C. § 924(c). He relies upon the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) (holding that "use" under § 924(c) requires active employment). Mr. Buggs correctly notes that the jury instruction in his case was inconsistent with the Supreme Court's interpretation of "use" in *Bailey.* In essence, he argues that he was convicted of an act that does not constitute a crime. Because the district court did not list this issue in its grant of a certificate of appealability, we must construe Mr. Buggs' inclusion of this argument in his appellate brief as an implicit request for a certificate of appealability on this issue. *See Williams v. Parke,* 133 F.3d 971, 975 (7th Cir.1997).

certificate of appealability on this issue. *See Williams v. Parke,* 133 F.3d 971, 975 (7th Cir. 1997); Fed. R.App. P. 22(b); 7th Cir. R. 22.1.

**4.** We note that in *Hohn v. United States,* —— U.S. ——, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998), the Solicitor General acknowledged that a conviction obtained through a jury instruction infirm under *Bailey* raises a claim of constitutional magnitude.

We have stated that a *Bailey* claim raises merely a statutory, rather than a constitutional issue, and thereby implied that a certificate of appealability is inappropriate for any claims based on *Bailey. See Young v. United States,* 124 F.3d 794, 798–99 (7th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 2324, 141 L.Ed.2d 698 (1998); *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). The Supreme Court recently rejected this implication in *Bousley v. United States,* —— U.S. ——, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In *Bousley,* the Court held that a *Bailey* issue can be used to challenge the constitutionality of a guilty plea in habeas proceedings. The Court held that a guilty plea is not made intelligently, and therefore is constitutionally invalid, if "neither [the defendant], nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged." *Bousley,* —— U.S. at ——, 118 S.Ct. at 1609. Because the petitioner had failed to challenge the validity of his plea in his direct appeal, the Court stated that he must show either cause and prejudice or actual innocence in order to overcome his procedural default. *Id.* at 1610–11. The Court found that the petitioner could not show cause and prejudice, but remanded the case to give him an opportunity to demonstrate actual innocence. *Id.* at 1611. Notably, the Court also said that "decisions of this Court holding that a substantive federal criminal statute does not reach certain conduct ... necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal." *Id.* at 1610 (internal quotation omitted).

In this case, Mr. Buggs does not challenge a guilty plea. Instead he seeks habeas relief on the ground that he was convicted of conduct that is not criminal in light of *Bailey's* definition of use. This claim can also be characterized as a challenge to the sufficiency of the evidence.[4]

*See Hohn,* —— U.S. at ——, 118 S.Ct. at 1972 ("The Government now found itself in agreement with Hohn, saying his claim was, in fact, constitutional in nature."); *id.* —— U.S. at ——, 118 S.Ct. at 1977 ("The Solicitor General does not dispute that Hohn's claim has considerable merit and acknowledges that the trial court committed an error of constitutional magnitude. The only contested issue is whether the constitutional vio-

■ This court has stated numerous times that a conviction for engaging in conduct that the law does not make criminal is a denial of due process. *See Corcoran v. Sullivan,* 112 F.3d 836, 838 (7th Cir.1997); *Johnson v. United States,* 805 F.2d 1284, 1288 (7th Cir. 1986) ("To punish a person criminally for an act that is not a crime would seem the quintessence of denying due process of law, and ... in some cases a defendant may be able to make a statutory argument the basis for a due process claim."). Moreover, a claim based on insufficiency of evidence raises a constitutional issue. *See Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (due process requires "that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense").

■ Because Mr. Buggs alleges that the instructional error therefore had consequences of constitutional magnitude, it is cognizable on collateral review. But, as in *Bousley,* Mr. Buggs still faces several obstacles to obtaining a certificate of appealability. Mr. Buggs procedurally defaulted his argument that he was convicted of conduct that was not a crime by failing to argue in his direct appeal that the term "use" from § 924(c) was being improperly applied.[5] In order to overcome this procedural default, therefore, Mr. Buggs would have to demonstrate either cause and prejudice or actual innocence. *Bousley,* —— U.S. at ——–——, 118 S.Ct. at 1610–11. But because the government does not argue that Mr. Buggs procedurally defaulted his *Bailey* claim and instead argues

that there was sufficient evidence to convict him of violating § 924(c), the government has waived the procedural default. *See Nichols v. United States,* 75 F.3d 1137, 1145 n. 17 (7th Cir.1996). "If the State does not explicitly or implicitly forego the waiver defense, we may make sua sponte inquiry into whether a procedural default is manifest and decide whether comity and judicial efficiency make it appropriate to consider the merits of the petitioner's arguments." *Kurzawa v. Jordan,* 146 F.3d 435, 439–40 (7th Cir.1998) (internal quotation omitted). Here, because the underlying issue is so devoid of merit, we believe that considerations of judicial efficiency counsel that we address the merits.

■ Although Mr. Buggs has raised a constitutional issue, he has failed to make a substantial showing of the denial of a constitutional right because all of the evidence in this case establishes that he carried and used a firearm as defined in *Bailey.* In the presence of an undercover officer and the informant, Mr. Buggs retrieved a firearm from a bedroom, carried it to the couch and placed it on the couch next to him so that he could continue packaging several ounces of cocaine into individual packets. *See Buggs,* 904 F.2d at 1072. These activities constitute carrying a firearm during a narcotics offense; they also constitute use of a firearm because Mr. Buggs displayed the weapon. *See United States v. Cooke,* 110 F.3d 1288, 1294 (7th Cir.1997) (displaying a firearm constitutes use under *Bailey*). Therefore, his conviction under 18 U.S.C. § 924(c) was proper. *See United States v. Jackson,* 103 F.3d 561, 569 (7th Cir.1996); *United States v. Robinson,* 96 F.3d 246, 250 (7th Cir.1996). Accordingly, Mr. Buggs has failed to make a substantial

---

lation was a substantial one."). In *Hohn,* however, the Supreme Court limited its grant of certiorari to the following question: "In light of the fact that the Court of Appeals denied the petitioner's request for a Certificate of Appealability, does this Court have jurisdiction to grant certiorari, vacate, and remand this case per the suggestion of the Acting Solicitor General?" *Hohn v. United States,* —— U.S. ——, 118 S.Ct. 361, 139 L.Ed.2d 281 (1997). The Court held that it had jurisdiction and remanded the case stating, "[i]n light of the position asserted by the Solicitor General ... the decision of the Court of Appeals is vacated and remanded for further consider-

ation." *Hohn,* —— U.S. at ——, 118 S.Ct. at 1978.

5. Mr. Buggs argues that he has not procedurally defaulted his *Bailey* claim because on direct appeal he argued that there was insufficient evidence to convict him of violating § 924(c) because "the government failed to prove that the alleged pistol was capable of firing any projectile." *Buggs,* 904 F.2d at 1075 (internal quotation omitted). This challenge to the sufficiency of the evidence does not overcome his procedural default of the issue that the court improperly interpreted the term "use."

showing of the denial of a constitutional right, and thus his implied request for a certificate of appealability on the *Bailey* claim is denied.

### Conclusion

Mr. Buggs has failed to establish that he received ineffective assistance of counsel. His argument that he was sentenced erroneously under the Sentencing Guidelines is not cognizable under the established law of this circuit. Although his contention that his conviction under 18 U.S.C. § 924(c) was improper in light of *Bailey* is cognizable on federal collateral review, he is not entitled to a certificate of appealability because he does not present, on the facts of this case, a substantial showing of the denial of a constitutional right. Mr. Buggs cannot overcome this last hurdle in light of the record evidence that he used and carried the firearm during the underlying drug offense. Accordingly, the judgment of the district court is affirmed in part. The certificate of appealability is dismissed in part, and the request to enlarge the certificate of appealability is denied.

IT IS SO ORDERED.