In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4131

Anthony J. Gray-Bey,

Petitioner,

v.

United States of America,

Respondent.

On Application for an Order Authorizing
a Second or Successive Petition for Collateral Review

Argued March 1, 2000--Decided April 13, 2000

  Before Coffey, Easterbrook, and Diane P. Wood, Circuit
Judges.

  Per Curiam.  Ten years ago, a jury found Anthony
Gray-Bey guilty of drug offenses, plus using or
carrying a firearm during and in relation to his
drug trafficking. See 18 U.S.C. (1994 ed.)
sec.924(c). The firearm conviction added 60
months' imprisonment to Gray-Bey's term. We
affirmed his conviction and sentence on direct
appeal, United States v. Goines, 988 F.2d 750
(7th Cir. 1993), and a collateral attack under 28
U.S.C. sec.2255 was unsuccessful. Gray-Bey v.
United States, 156 F.3d 733 (7th Cir. 1998). On
appeal from the denial of relief under sec.2255,
Gray-Bey contended among other things that he had
not used the firearm "actively," so that Bailey
v. United States, 516 U.S. 137 (1995), required
his sec.924(c) conviction to be vacated. We held,
however, that Gray-Bey had forfeited that
contention by not raising it earlier. 156 F.3d at
742-43.

  Next Gray-Bey asked the United States District
Court for the Eastern District of Arkansas (where
his prison is located) to issue a writ of habeas
corpus under 28 U.S.C. sec.2241. That court
transferred the petition to us after concluding
that Gray-Bey is attempting to evade the
limitations on second or successive collateral
attacks under sec.2255, which may be pursued only
after approval by the court of appeals that has

jurisdiction over the district court that imposed the sentence. 28 U.S.C. sec.sec. 2244(b), 2255 para.8. We dismissed Gray-Bey's request without prejudice because he had not provided the information required by Circuit Rule 22.2(a). Gray-Bey filed anew, this time calling his papers an application for leave to commence a second collateral attack under sec.2255. We appointed counsel, identified some questions that require attention, and set the matter for oral argument. Gray-Bey v. United States, 201 F.3d 866 (7th Cir. 2000).

Counsel sought to enlarge Gray-Bey's options by asking us to recall the mandate in order to redecide the first collateral attack, rather than to decide whether to authorize a second. By recalling the mandate in the prior case, counsel contended, we could address the merits of Gray-Bey's Bailey argument without regard to sec.sec. 2244(b) and 2255 para.8. Given Calderon v. Thompson, 523 U.S. 538, 554-59 (1998), however, recalling a mandate more than a year after its issuance just to apply the benefit of hindsight would be an abuse of discretion. What is more, Gray-Bey's motion to recall the mandate is effectively an application for leave to pursue another collateral attack. In Calderon the court of appeals recalled its mandate sua sponte in order to hear the case en banc, curing procedural glitches that stymied consideration of an earlier request for that step. By contrast, Gray-Bey has filed a motion to recall the mandate on substantive grounds. As the Court remarked in Calderon, "a prisoner's motion to recall the mandate on the basis of the merits of the underlying decision can be regarded as a second or successive application for purposes of sec.2244(b). Otherwise, petitioners could evade the bar against relitigation of claims presented in a prior application, sec.2244(b)(1), or the bar against litigation of claims not presented in a prior application, sec.2244(b)(2). If the court grants such a motion, its action is subject to [the] AEDPA". 532 U.S. at 553. See also, e.g., Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999); Banks v. United States, 167 F.3d 1082, 1084 (7th Cir. 1999); Burris v. Parke, 130 F.3d 782, 784 (7th Cir. 1997). Because it would be proper to recall the mandate only if it is proper to authorize a second or successive collateral attack, the motion is pointless. We deny it and move to the questions posed by sec.2244(b) and sec.2255 para.8.

Our order setting the matter for argument asked the parties to brief multiple issues, but the answer to one of them is dispositive. Section 2255 permits the court to authorize a second petition under that section only if the motion

identifies newly discovered evidence establishing his innocence (which Gray-Bey does not contend) or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. sec.2255 para.8(2). (Section 2244(b)(2)(A) creates a functionally identical requirement.) Bailey has been made retroactive to cases on collateral attack, see Bousley v. United States, 523 U.S. 614 (1998), and its rule was unavailable to Gray-Bey at the time of his trial, direct appeal, and the beginning of his collateral attack, for Bailey was not decided until December 6, 1995, and announced a principle that departed from the rule previously applied in this circuit. By the time Bailey came down, Gray-Bey's initial collateral attack was on appeal. He had neglected to raise the issue in the district court, although there was a conflict among the circuits on the subject, and the Supreme Court granted certiorari in Bailey on April 17, 1995, while Gray-Bey's collateral attack was pending. But for purposes of sec.2255 para.8(2) a rule is "unavailable" until the Supreme Court renders its decision, for it is the high court's decision that must be held retroactive (as Bailey was held retroactive by Bousley). What stymies Gray-Bey's application, however, is the opening clause of para.8(2): that the Supreme Court must have announced a "new rule of constitutional law". Bailey is not a rule of constitutional law; and although Bailey sets up constitutional claims, none of these is "new."

All Bailey does is construe the meaning of "use" in sec.924(c) to entail "active" rather than "passive" employment of a gun. Bailey does not purport to be anything other than a statutory decision; no one doubts that the Constitution permits Congress to penalize possession of a firearm during and in relationship to a drug offense. Cf. Muscarello v. United States, 524 U.S. 125 (1998). Bailey held that the version of sec.924(c) applicable to Gray-Bey did not proscribe simple possession. (Section 924(c) was amended in November 1998 to prohibit possessing a firearm "in furtherance of" a drug offense or crime of violence. Pub. L. 105-386, 112 Stat. 3469.) A statutory decision may have constitutional fallout, but such consequences do not make Bailey itself a "new rule of constitutional law". Young v. United States, 124 F.3d 794, 798-99 (7th Cir. 1997); In re Davenport, 147 F.3d 605, 610-11 (7th Cir. 1998). See also, e.g., Gilmore v. Taylor, 508 U.S. 333, 342 (1993) (error in stating the elements of the offense in jury instructions is not a constitutional flaw). Bailey did not change sec.924(c), or even the Supreme Court's understanding of that statute. It just determined

what sec.924(c) meant from its enactment through 1998. Rivers v. Roadway Express, Inc., 511 U.S. 298 (1994); cf. Harper v. Virginia Department of Taxation, 509 U.S. 86 (1993).

Bousley considered one of the constitutional consequences of this statutory decision: misunderstanding the elements of an offense when pleading guilty may render the plea unintelligent. Similarly, a trial record that lacks evidence adequate to establish all elements of the offense (as correctly understood) could support collateral relief to avoid imprisoning an innocent person. But these constitutional effects of a statutory decision were not created by Bailey and are not "new" by any measure. Davis v. United States, 417 U.S. 333 (1974), establishes that actual innocence justifies collateral relief under sec.2255, cf. Jackson v. Virginia, 443 U.S. 307 (1979), and the rule that defective guilty pleas may be set aside is even older. More than a year before Bousley, we applied these principles in collateral attacks based on Bailey. E.g., Stanback v. United States, 113 F.3d 651 (7th Cir. 1997).

Nothing in Hohn v. United States, 524 U.S. 236 (1998), implies that Bailey created a new constitutional rule, or that any of the constitutional consequences of statutory interpretation is a "new rule of constitutional law". The only question before the Court was whether a request for a certificate of appealability is a "case in" a court of appeals for certiorari purposes; the Court said nothing about the merits of the claim and instructed the Eighth Circuit to review them in the first instance in light of the Solicitor General's position--which was functionally the same as the position we adopted in Buggs v. United States, 153 F.3d 439, 443-45 (7th Cir. 1998). See also id. at 443-44 n.4.

Because Bailey is not a constitutional rule, and because none of the constitutional consequences of Bailey's interpretation of sec.924(c) is a "new rule of constitutional law"--as opposed to an application of old constitutional rules to new situations--Gray-Bey's application for permission to commence a second collateral attack must be denied. It does not meet the substantive standards of sec.sec. 2244(b)(2)(A) and 2255 para.8.

What then of sec.2241, which was not amended by the Antiterrorism and Effective Death Penalty Act? See Felker v. Turpin, 518 U.S. 651 (1996); Valona v. United States, 138 F.3d 693 (7th Cir. 1998). Our order asked the parties to brief this compound question:

Does this court's decision in In re Davenport, 147 F.3d 605 (7th Cir. 1998), require Gray-Bey to file his petition under sec.2241, and would such a sec.2241 petition be properly construed as nonsuccessive?

Having given this subject some additional thought, we now conclude that the decision is not ours to make, and we therefore do not answer either part of this question. A court of appeals may authorize (or decline to authorize) the filing of a successive motion under sec.2255, but Gray-Bey does not need our authorization to file a petition under sec.2241. We stressed in Valona that a district court presented with a petition for a writ of habeas corpus under sec.2241 should analyze that petition on its own terms, without assuming that whatever cannot proceed under sec.2255 also cannot proceed under sec.2241--though as Felker observes a court in which a petition under sec.2241 is filed must treat the new successive-petition rules as guideposts. Cf. Cooper v. United States, 199 F.3d 898, 901 (7th Cir. 1999). Gray-Bey began these proceedings by filing a sec.2241 petition in the Eastern District of Arkansas, and we think that he is entitled to a decision in the regular course-- that is, by a district judge, followed by appellate review and the opportunity to seek review by the Supreme Court--under that statute.

A transfer would be pointless if Gray-Bey's request for habeas corpus were doomed by sec.2255 para.5, which blocks a prisoner's resort to sec.2241 unless "the remedy by motion [under sec.2255] is inadequate or ineffective to test the legality of his detention." One could read this language, as the opinion dissenting from the briefing order did, to preclude Gray-Bey's challenge, because he had an opportunity to raise the Bailey challenge earlier. But it is possible to understand sec.2255 para.5 to permit the challenge in the light of sec.2255 para.8, which the AEDPA added. When Congress added the language that requires prior appellate approval, it may have overlooked the sort of situation Gray-Bey presents--the interaction of old constitutional rules with new statutory interpretations. Bousley and Davis show that the kind of claim Gray-Bey presents is one for which sec.2255 provides a remedy. Indeed, nine of his co-defendants, who raised Bailey contentions in their initial collateral attacks, have had their sec.924(c) convictions vacated. (The status of his remaining three confederates is unclear.) Until the AEDPA Gray-Bey, too, would have been entitled to a disposition on the merits, for his second sec.2255 application could not have been

dismissed as an abuse of the writ. Whether he could have obtained relief is more difficult; perhaps the prosecutor gave in too easily when Gray-Bey's partners in crime filed their petitions. Muscarello, which was released after the prosecutor consented to other defendants' requests, may stiffen prosecutorial resolve. At all events, however, no one doubts that until the AEDPA Gray-Bey could have had a decision.

Section 2255 para.8 closes off the old route to decision, but without modifying sec.2255 para.5, so perhaps Gray-Bey and similarly situated prisoners have an escape hatch after all for the kind of claims that otherwise justify successive requests for collateral relief and do not smack of abuse of the writ. But perhaps sec.2255 para.8 means instead that prisoners today are never entitled to multiple collateral attacks, so that their inability to obtain another round of litigation cannot demonstrate that sec.2255 as a whole is "inadequate or ineffective to test the legality of . . . detention." We mention these arguments pro and con not to resolve them--that is not our function--but simply to show that the transfer is serious, rather than a source of busywork for the Eastern District of Arkansas and the Eighth Circuit, to which Gray-Bey's appeal ultimately will lie.

The request for permission to file a second motion under sec.2255 is denied. On the authority of 28 U.S.C. sec.1631 the papers are transferred to the United States District Court for the Eastern District of Arkansas for consideration as a petition for a writ of habeas corpus under sec.2241.