

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2003

# USA v. Ruddock

Precedential or Non-Precedential: Non-Precedential

Docket No. 96-1070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Ruddock" (2003). *2003 Decisions.* Paper 91.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/91

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-1070 & 02-2283

UNITED STATES OF AMERICA
v.
HORACE RUDDOCK
a/k/a "David", a/k/a "Jolly Roger",
a/k/a "Johnny"

Horace Ruddock,
                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 88-cr-00519-23
(Honorable Bruce W. Kauffman)

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 27, 2003
Before:  SCIRICA, *Chief Judge*, NYGAARD and AMBRO *Circuit Judges*

(Filed November 25, 2003)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

   In this consolidated appeal, Petitioner Horace Ruddock contends the District Court

erred in holding that a challenge to the Sentencing Guidelines under a 28 U.S.C. § 2255

motion was procedurally barred. Ruddock also seeks a remand claiming the District Court erred by failing to hold an evidentiary hearing. The government responds Ruddock failed to get a certificate of appealability ("COA"), and one should not issue for non-constitutional sentencing challenges. Because we find a COA is required for appeal No. 02-2283 and the District Court was correct in concluding one should not issue, we will affirm the denial of the COA. For appeal No. 96-1070, Ruddock has abandoned that appeal by not pursuing it in his principal brief, so we will affirm.

## I.

On December 7, 1988, a federal grand jury returned a seventy-two count indictment against twenty-three people charging them with various offenses including conspiracy to distribute narcotics as part of the Smith Narcotics Organization. Ruddock was charged with conspiring to manufacture and distribute marijuana and crack cocaine base (Count One), distributing crack cocaine base (Count Seven), and distributing crack cocaine base within 1,000 feet of a school in the Eastern District of Pennsylvania (Count Eight). Following a jury trial, Ruddock was found guilty on all three counts on August 3, 1989. At sentencing, the District Court determined the base offense level by finding that the offense involved more than 500 grams of crack, *see* U.S. Sentencing Guidelines Manual § 2D1.1 (1988), and that Ruddock acted as a manager in the organization, which increased the offense level by two. *See id.* at § 3B1.1. In imposing sentence, the District

2

Court determined that Ruddock's base offense level was 36 and his criminal history

category was I, producing a Guidelines range of 324-405 months.[1]

Ruddock appealed challenging his conviction on the ground the trial court erred in

finding he was competent to stand trial. *United States v. Ruddock*, No. 89-1897 (3d Cir.

filed Dec. 21, 1990). He also claimed the court erred at sentencing in attributing the full

scope of the Smith Narcotics Organization's narcotics to him and by applying the

weapons enhancement and manager enhancement. *Id.* We affirmed by judgment order.

*Id.*[2]

---

[1]Ruddock was sentenced to 20 years imprisonment on Count One, 20 years
imprisonment on Count Seven, and 27 years imprisonment on Count Eight, each term to
run concurrently.

[2]The full text of the judgment order follows:
> After consideration of the contentions raised by appellant, to wit:
>> 1. The trial court's finding that appellant was competent to stand trial
>> is in clear error.
>> 2. The trial court erred at sentencing in attributing under the
>> Sentencing Guidelines the full scope of the narcotics distributed by "SNO"
>> and by applying the Weapons Enhancement and Manager's Enhancement
>> under the Sentencing Guidelines.
>> 3. Appellant incorporates herein the arguments set forth in the
>> consolidated brief and appendix for appellants files in the cases of *U.S.A. v.*
>> *Derrick Howell*, *Everton Smith*, *Michael Alexander Gayle*, *Robert Smith*,
>> *Knoxroy Coke*, *Peter Davis*, *and Ron John*, Appeals Nos. 89-1853, 1884,
>> 1885, 1895, 1896, 1917, and 2074 as if set forth herein verbatim.
>> It is ORDERED and ADJUDGED that the judgment of the district
>> court be and is hereby affirmed.
>> With respect to the contention that trial counsel's failure to request
>> the court for a psychiatric expert to aid the defense in preparation for the
>> competency hearing denied defendant his constitutional right to effective
>> assistance of counsel under the Sixth Amendment of the United States

(continued...)

3

On June 22, 1992, Ruddock filed a pro se petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence.[3]  The District Court appointed counsel who then filed an amended § 2255 petition.[4]  After hearings, the District Court dismissed Ruddock's claims on December 1, 1995.  *See United States v. Ruddock*, No. 88-519-23, 1995 U.S. Dist. LEXIS 18337 (E.D. Pa. Dec. 1, 1995).[5]

On January 29, 1996, Ruddock filed a pro se notice of appeal challenging the District Court's dismissal.  The appeal was docketed in the Third Circuit as No. 96-1070.  While the case was pending on appeal, Ruddock filed a motion for a stay and remand to the District Court citing, among other things, the government's revelation that a police

---

[2](...continued)
> Constitution, this matter is not properly before us on a direct appeal and therefore will be dismissed without prejudice to appellant's right to raise this issue in an appropriate proceeding under 28 U.S.C. § 2255.

*Id.*

[3]Ruddock alleged the sentencing was improper under the Sentencing Guidelines because his conduct ended prior to the effective date of the Guidelines; his counsel was ineffective; he was denied the opportunity to review the presentence report and his counsel failed to object to this; and the evidence was insufficient to support his conviction.

[4]This amended petition alleged eight claims of ineffective assistance of counsel.

[5]The court held that because Ruddock had not renounced his part of the conspiracy, he was properly considered a member of the conspiracy after the Sentencing Guidelines became effective, and he could therefore be sentenced under the Guidelines.  *Id.* at *2.  The court held that Ruddock had seen the presentence report, but his lawyer failed to object to it.  *Id.* at *4.  The court also held that the evidence was sufficient to support the verdict, *id.* at *5, and rejected all of Ruddock's claims alleging ineffective assistance of counsel.  *Id.* at *6-*14.

officer committed perjury during his trial.[6]  Because the District Court had not ruled on

the possible consequences of the perjury, the government did not oppose the motion.

Ruddock then filed a new amended motion on August 9, 1996.[7]  On October 10, 1997 and

October 13, 1998, Judge Robert S. Gawthrop, III held evidentiary hearings, at which a

key witness at Ruddock's trial, Robin Byrd, testified about Ruddock's role in the Smith

Narcotics Organization.  But Judge Gawthrop died before ruling on the matter.

The case was reassigned to Judge Bruce W. Kauffman.  On August 4, 2000,

without holding an evidentiary hearing, the District Court issued an order dismissing

Ruddock's contention that the sentencing court had erroneously determined that he "was

a manager or supervisor."  *See United States v. Ruddock*, No. 88-519-23 (E.D. Pa. filed

Aug. 4, 2000).  The court ruled that the issue of enhancement for his role as manager in

---

[6]Ruddock also sought to develop issues relating to the scope of the conspiratorial
agreement, his role as manager of a building as opposed to people, and the sufficiency of
the court's evidence for applying the "crack" guidelines.

[7]Ruddock's allegations included the following: the District Court erred in failing to
advise him of its tentative findings prior to sentencing; trial counsel was ineffective for
failing to object to this; he should not have received an enhancement for a role in the
offense based on a retroactive clarifying amendment to the Sentencing Guidelines; the
District Court erred by failing to make a finding about the scope of his jointly undertaken
activity in furtherance of the conspiracy; and the government failed to prove the cocaine
base was crack as required by post-sentencing amendments to the Sentencing Guidelines.

The government responded: the grounds for relief were not cognizable in a § 2255
petition; the new petition was an abuse of the writ; the issues raised in the new petition
had already been decided against him, had been previously waived by him, or he sought
improper retroactive application of amendments that the Sentencing Commission had not
designated for retroactive application; and that he could show no prejudice because the
Guidelines would not alter his sentence.

the offense had already been "fully litigated" and had been decided against Ruddock on direct appeal. *Id.* The court held that "[a]bsent an intervening change in the law, newly discovered evidence, or other circumstances indicating that the defendant did not receive full and fair consideration, issues decided on direct appeal may not be relitigated in a § 2255 motion." *Id.*

On April 26, 2002, Ruddock filed a motion to reconsider and vacate, set aside, or correct the sentence. Following oral argument and supplemental briefings, the District Court denied the motion. *See United States v. Ruddock*, No. 88-519-23, 2002 U.S. Dist. LEXIS 11382, at *8 (E.D. Pa. Apr. 30, 2002).[8] The District Court also held there is "no basis for the issuance of a [COA]." *Id.* Ruddock appealed on May 9, 2002, and the appeal was docketed as No. 02-2283. Ruddock did not obtain a COA for this appeal.[9]

---

[8]The District Court (1) held that the sentencing court's failure to advise Ruddock of its tentative findings prior to sentencing does not warrant habeas relief; (2) held that counsel was not ineffective for failing to ask the court for its preliminary findings prior to sentencing; (3) reaffirmed its order that Ruddock could not bring a § 2255 order because he had already challenged on direct appeal the issue of whether the sentencing court had erroneously determined that he was a manager; (4) held that the issue of whether Ruddock was improperly held responsible for his coconspirator's action had been fully litigated on direct appeal and could not be relitigated in a § 2255 motion; and (5) held that Ruddock defaulted his claim that the government had not met its burden that the controlled substance was crack as opposed to another cocaine base. *Id.* at *3-*8.

[9]A COA is required for any appeal filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). An appeal of a final order in a proceeding under section 2255 may not be taken to the court of appeals unless a COA is issued. 28 U.S.C. § 2253(c)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at (c)(2).

Appeals No. 96-1070 and No. 02-2283 have been consolidated.

## II.

Ruddock contends the District Court erred in holding that the sentencing issues raised in its § 2255 motion were "procedurally barred." He claims clarifying amendments to the Sentencing Guidelines can be applied retroactively and can be used as a platform to a § 2255 motion.[10] He also alleges the District Court erred in relying on the evidentiary hearing of the late Judge Gawthrop instead of holding a new evidentiary hearing contending the court failed to make its own appraisal of witness's credibility. The government responds that procedural obstacles mandate dismissal contending: (1) Ruddock failed to get the required COA; (2) a challenge to the Sentencing Guidelines calculation is not cognizable under 28 U.S.C. § 2255, whether or not the Guidelines present clarifying amendments; (3) abuse of the writ; and (4) res judicata or waiver.[11]

## III.

Because the COA requirement is jurisdictional, we must first decide that threshold issue. A COA is required to perfect an appeal in a § 2255 proceeding, 28 U.S.C. § 2253(c), and this applies to any appeal filed after April 24, 1996, the effective date of

---

[10]Ruddock relies on Sentencing Guidelines Amendments 78 and 439 which restrict the definition of accomplice accountability and Amendment 500 which restricts the definition of manager, supervisor, and leader.

[11]The government also contends that even if the Court reached the merits, Ruddock's claims would still fail.

7

AEDPA, even if the habeas petition was filed before that date. *Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000).

Ruddock's first appeal, No. 96-1070, filed on January 29, 1996, pre-dated the effective date of AEDPA and does not require a COA. But Ruddock has abandoned the issues raised by that appeal by not addressing them in his principal brief.[12] When issues are either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived those issues on appeal. *Kost v. Kozakiewicz*, 1 F.3d 176, 182-83 & n.3 (3d Cir. 1993).

In the second appeal, No. 02-2283, Ruddock presented his claims to the District Court on August 9, 1996 and appealed to this Court on May 9, 2002.[13] Both dates are after the effective date of AEDPA. Ruddock nonetheless maintains that a COA is not

[12]In Ruddock's earlier § 2255 petitions, Ruddock alleged his sentencing was improper under the Sentencing Guidelines because his conduct ended prior to the effective date of the Guidelines; his counsel was ineffective; he was denied the opportunity to review the presentence report and his counsel failed to object to this; and the evidence was insufficient to support his conviction. When the District Court dismissed these claims on the merits, Ruddock filed a notice of appeal, and the appeal was docketed No. 96-1070. However, Ruddock did not address any of these issues in his brief in this consolidated appeal.

[13]Ruddock alleged in his principal brief the District Court erred in ruling that the sentencing issues raised in the 2255 motion were "procedurally barred." He exclusively focused on the District Court's ruling in regard to the sentencing enhancement for his role as manager and the amount of drugs attributable to him. He claimed the sentencing court erred in finding he had a managerial role and in determining drug quantity based on his jointly undertaken criminal activity. He also alleged the District Court erred by failing to hold a new evidentiary hearing. In his brief, he did not address the District Court's conclusions regarding violations of Rule 32, ineffective assistance of counsel, or whether the controlled substance was crack. He has waived those issues.

8

required because it is a "seamless continuation" of the first appeal filed January 29, 1996. We disagree. The two appeals are separate. The second appeal has new issues and new claims not addressed in the Pre-AEDPA appeal. Accordingly, a COA is required for appeal No. 02-2283.

## IV.

Because a COA is required for appeal No. 02-2283, we must determine whether the District Court erred in holding that one should not issue. Under 28 U.S.C. § 2253(c)(2), a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Slack*, 529 U.S. 473, held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* at 484.[14]

---

[14]The Supreme Court in *Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029 (2003), explained: "[A] court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief." *Id.* at 1039. However, this "holding should not be misconstrued as directing that a COA always must issue." *Id.* Through AEDPA, Congress intended the courts to apply "differential treatment for those appeals deserving of attention from those that plainly do not;" the "issuance of a COA must not be *pro forma* or a matter of course." *Id.* at 1040.

Ruddock claims the District Court misapplied the Sentencing Guidelines.[15]  In

*United States v. Cepero*, 224 F.3d 256 (3d Cir. 2000) (en banc), we addressed whether a

COA can be granted for misapplications of the Sentencing Guidelines.  *Id.* at 267-68.[16]

We held in that case that an allegation that a district court misapplied the Sentencing

Guidelines "does not present a constitutional issue under § 2253(c)."  *Id.* at 267.  We

noted that "'[e]rrors in the implementation of the Sentencing Guidelines are generally not

cognizable in a collateral attack.'"  *Id.* at 268 (quoting *Buggs v. United States*, 153 F.3d

439, 443 (7th Cir. 1998)).  We dismissed for lack of jurisdiction because the district court

erred in issuing a COA.  *Id.* at 268.  However, we limited our holding stating that "[w]e

do not suggest that a misapplication of the Guidelines can never rise to the level of a

constitutional deprivation."  *Id.* at n.6.

As in *Cepero*, Ruddock's allegations that the sentencing court misapplied the

Guidelines "is a question that does not present a constitutional issue."  *Id.* at 267.  We see

no basis here for an exception to the general rule that "[e]rrors in the implementation of

the Sentencing Guidelines are generally not cognizable in a collateral attack."  *Id.* at 268

[15]Specifically, he contends that Amendments 78 and 439, which restricted the definition of accomplice accountability, and Amendment 500, which restricted the definition of manager, should be retroactively applied to remedy interpretation errors by the District Court.

[16]In *Cepero*, the petitioner alleged the district court misapplied the Sentencing Guidelines in enhancing his sentence because the government failed to show beyond a preponderance of the evidence that he conspired to sell crack cocaine and not some other form of cocaine base.  *Id.* at 267.

(internal quotations omitted).[17]  Accordingly, we find that Ruddock's allegations of sentencing errors fail to make a substantial showing of the denial of a constitutional right.

We also find that the District Court was correct in its procedural rulings.  Ruddock had the opportunity to fully litigate both the manager issue and the amount of attributable drugs on direct appeal.  Consequently, these issues cannot be relitigated in his § 2255 motion.  We note that "[s]ection 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." *Id.* at 267.  Because there has been no showing of a denial of a constitutional right and the District Court was correct in its procedural ruling, a COA should not issue.[18]

---

[17]Ruddock relies on *United States v. Marmolejos*, 140 F.3d 488 (3d Cir. 1998), to argue that the clarifying amendments should be applied retroactively and can be the basis for a § 2255 motion.  *See id.* at 489 (addressing the issue of whether the defendant is entitled to relief under § 2255 and concluding that "[b]ecause . . . the amendment clarified the existing application note, rather than effecting a substantive change in the law, [defendant] is entitled to relief and resentencing").  But the subsequent en banc holding in *Cepero* that an allegation of a misapplication of the Sentencing Guidelines "does not present a constitutional issue," 224 F.3d at 268, controls even though *Cepero* did not discuss clarifying amendments.  Furthermore, we note that in *Marmolejos*, the Court never directly addressed the jurisdictional COA issue of whether the petitioner had made a "substantial showing of the denial of a constitutional right."

[18]In a letter brief, Ruddock also challenges whether the government met its burden of proof in showing that the controlled substance was "crack."  Ruddock relies on Amendment 487 that clarified that for Sentencing Guidelines purposes, "cocaine base" means "crack."  As stated earlier, Ruddock waived this issue by failing to address it in his principal brief.  But even if the issue were not waived, we would still not grant a COA.  Ruddock's allegations that the sentencing court made errors in the application of the Sentencing Guidelines do not rise to the level of a constitutional deprivation.  *See Cepero*,

(continued...)

**V.**

Ruddock also argues the District Court erred in relying on the transcript of the evidentiary hearing before the late Judge Gawthrop. The decision to grant or deny an evidentiary hearing on a § 2255 motion is subject to review for abuse of discretion. *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "[T]he court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.* at 42 (internal quotations omitted). It was not an abuse of discretion for the District Court to rely on the transcript of the prior hearing instead of holding a new evidentiary hearing. The files, records, and hearing transcript together showed conclusively that Ruddock's claims were procedurally barred and that Ruddock was not entitled to any relief. Any further hearings would have been redundant. Moreover, Ruddock's allegations fail to make a substantial showing of the denial of a constitutional right. Accordingly, a COA should not issue on this matter.

---

[18](...continued)
224 F.3d at 267-68. Furthermore, the District Court was correct in finding that Ruddock had an opportunity to raise this issue on direct appeal, and by not doing so, he has waived this issue unless he could show cause and prejudice. *United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993). "If defendants could routinely raise, in a § 2255 collateral proceeding, errors in sentencing not raised on direct appeal which the sentencing court had not had an opportunity to correct, Congress's intent of encouraging direct appellate review of sentences under the Sentencing Guidelines would be frustrated." *Id.*

12

**VI.**

For appeal No. 96-1070, Ruddock has abandoned that appeal by not pursuing it in his principal brief, so we will affirm. For appeal No. 02-2283, we will affirm the District Court's denial of a COA.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Anthony J. Scirica
*Chief Judge*

14