NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2012
Decided October 19, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 12-1829

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:10-CR-00159-004 |
| MELECIO FLORES, *Defendant-Appellant.* | William T. Lawrence, *Judge.* |

**O R D E R**

Melecio Flores pleaded guilty to conspiracy to distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), conspiracy to launder drug proceeds, 18 U.S.C. § 1956(h), (a)(1)(A)(i), and possession of a firearm in furtherance of a drug trafficking crime, *id.* § 924(c). As part of a written plea agreement, Flores waived the right to appeal his convictions and sentences "on any ground." In exchange the government dropped other charges and agreed to recommend total imprisonment not to exceed 300 months. Based on a

total offense level of 41 and a criminal-history category of I, the district court calculated a guidelines imprisonment range of 324 to 405 months but ultimately imposed a total of 216 months.

Flores filed a notice of appeal, but his appointed counsel asserts that the possible appellate claims are frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Flores has not filed a response objecting to his lawyer's submission, *see* CIR. R. 51(b), but he did inform counsel that he stands by his guilty pleas. Counsel thus properly omits from his *Anders* brief any discussion of the plea colloquy or the voluntariness of Flores's guilty pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012)*; United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Flores's broad waiver of the right to appeal makes this case frivolous. An appeal waiver stands or falls with the guilty plea or plea agreement, *United States v. Sakellarion*, 649 F.3d 634, 638–39 (7th Cir. 2011); *United States v. Cole*, 569 F.3d 774, 776 (7th Cir. 2009), and since Flores does not seek to have his pleas vacated or challenge his plea agreement, his appeal waiver must be enforced.

Accordingly, the motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.