NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 26, 2016
Decided June 24, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2351

MELECIO FLORES,
　　*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,
　　*Respondent-Appellee*.

Appeal from the United States District
Court for the Southern District of Indiana,
Indianapolis Division.

No. 1:13-cv-1679-WTL-DML

William T. Lawrence,
*Judge*.

## O R D E R

　　Melecio Flores pleaded guilty to two drug-conspiracy charges and one gun charge pursuant to a binding plea agreement that subjected him to 180 to 300 months' imprisonment and required him to waive his rights to appeal and to collaterally attack his sentence. He was sentenced to 216 months, and we dismissed his appeal based on the appeal waiver contained in his then-uncontested guilty plea. *United States v. Flores*, 485 F. App'x 141 (7th Cir. 2012). Flores then moved to vacate his sentence under 28 U.S.C. § 2255, and the district court denied relief based on the collateral-attack waiver. We certified the appeal to consider whether his guilty plea was voluntary. We conclude that it was and that Flores therefore has waived his right to bring this § 2255 motion.

**I. Background**

Flores, a 43-year-old native of Mexico, was indicted in September 2010 and was represented by appointed counsel during plea negotiations. Thirteen months and three superseding indictments later, he was charged with a total of six drug and gun offenses. Flores asked for new counsel in November 2011, but after a hearing the district court denied his request. Later that day, the government agreed to drop three of the charges, and Flores agreed to plead guilty to conspiring to distribute 50 grams or more of methamphetamine, 21 U.S.C. §§ 841(a)(1), 846; conspiring to launder marijuana proceeds, 18 U.S.C. § 1956(h); and possessing a firearm in furtherance of a drug trafficking crime, *id*. § 924(c). He signed a binding plea agreement, *see* FED. R. CRIM. P. 11(c)(1)(C), that subjected him to an aggregate term of imprisonment between 180 and 300 months and acknowledged that his plea likely would result in his deportation. The agreement also included a broad waiver of his rights to appeal and to collaterally attack his sentence:

> Defendant understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the Government in this Plea Agreement, Defendant expressly waives his right to appeal the conviction and any sentence imposed on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. Additionally, he also expressly agrees not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255.

Three days later the district judge conducted a change-of-plea hearing—with a Spanish interpreter for Flores—during which a detective testified to establish the factual basis for the plea. The judge explained Flores's rights, the waiver provisions, and the charged crimes, and Flores repeatedly stated that he understood the judge and agreed to waive his rights. He disputed, though, some of the detective's testimony concerning the charge for conspiracy to distribute methamphetamine. Defense counsel interjected and explained to the judge that although counsel believed that "the factual basis is sound," Flores wanted "to have his sort of say as far as what he disagrees with as far as

the evidence" because, counsel explained, "he was not caught with any items in his hands nor any money in his hands."

After the prosecuting attorney expressed discomfort "with Mr. Flores' blanket statement that there were a lot of things that weren't true," Flores and his lawyer conferred off the record. His counsel then offered to "try to elicit a simplified factual basis from my client directly" because, counsel said, "when I speak with my client[,] he is willing to admit to me that he was involved in each of these transactions of methamphetamine … . I think it's when we get into the details provided by the government that my client finds those to be so abrasive." The judge permitted counsel to question Flores; counsel asked whether he had "played a role in arranging" the two meth transactions at issue, and Flores agreed that he had. Based on the detective's and Flores's testimony, the judge found a factual basis for each of the charges and, per the judge's usual practice, took the guilty plea under advisement.

Three months later Flores's lawyer moved to withdraw based on "an irretrievable [breakdown] in the attorney-client relationship." The district court granted the motion and appointed new counsel to represent Flores. At the sentencing hearing the next month, the judge calculated an offense level of 41 and a criminal-history category of I, resulting in a guidelines range of 324 to 405 months' imprisonment. But the judge opted to accept Flores's plea, and bound by the plea agreement to impose a sentence of 180 to 300 months, *see United States v. Scott*, 711 F.3d 784, 786 (7th Cir. 2013), the judge ordered him to serve 216 months' imprisonment—156 months on each drug-conspiracy charge to run concurrently, plus a statutorily mandated consecutive 60 months on the gun charge.

Despite the appeal waiver, Flores filed a notice of appeal. Counsel moved to withdraw, *see Anders v. California*, 386 U.S. 738 (1967), and informed this court that he had consulted with Flores regarding challenging his plea but that Flores had "indicated to counsel that he did not wish to do so." We dismissed the appeal, concluding that "Flores's broad waiver of the right to appeal makes this case frivolous," particularly because "Flores does not seek to have his pleas vacated or challenge his plea agreement." *Flores*, 485 F. App'x at 142.

Flores then moved for relief under § 2255, claiming that his guilty plea had been involuntary and that trial and appellate counsel had provided ineffective assistance. His plea was involuntary, he asserted, because he was poorly educated (he attended school in Mexico through sixth grade), the Spanish interpretation at his hearing may have been

inaccurate, and his trial counsel had refused to withdraw (until Flores turned to the district judge) and instead threatened to "make sure" that Flores would "suffer." Flores contended that although he did not understand the judge at many points during the plea hearing, he simply had "answered the judge as [he] was told to do by" his lawyer. He also asserted that trial counsel was ineffective for failing to request a transcript of the Spanish interpretation at the plea hearing, properly cross-examine the detective, or advise Flores that pleading guilty would lead to his deportation. Moreover, Flores averred that appellate counsel never consulted him regarding his appeal and was ineffective for failing to challenge his sentence. The government responded that Flores's waiver of postconviction relief barred his claims.

The district court denied the § 2255 motion on the basis of the collateral-attack waiver contained in the plea agreement and denied a certificate of appealability. The judge observed that he already had warned Flores of his probable deportation and had found at the plea hearing that Flores's plea was knowing, voluntary, and supported by an adequate factual basis. Therefore, the judge explained, "Flores' contentions contrary to these findings are unpersuasive because they depend on a finding [that] the words used at the guilty plea proceeding had no meaning or a meaning opposite to the meaning given to them through the customary usages of our language."

We certified for appeal the question whether Flores's guilty plea was voluntary and instructed the parties to "address whether appellate counsel misstated that Flores did not wish to challenge his guilty pleas on direct appeal."

## II. Discussion

In evaluating the denial of a § 2255 motion, we review the district court's factual findings for clear error, its legal conclusions de novo, and its decision to forgo an evidentiary hearing for abuse of discretion. *See Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010); *Hutchings v. United States*, 618 F.3d 693, 700 (7th Cir. 2010). We first note that although Flores did not challenge the voluntariness of his guilty plea on direct appeal, as is generally required before doing so on collateral review, *see Bousley v. United States*, 523 U.S. 614, 621 (1998); *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008), the government forfeited a procedural-default defense by not raising it before the district court and instead arguing only that his waiver barred any and all collateral claims, *see Torzala*, 545 F.3d at 522; *Buggs v. United States*, 153 F.3d 439, 444 (7th Cir. 1998). Even so, we agree with the district court that the broad collateral-attack waiver in Flores's guilty plea bars this suit, and his plea undoubtedly was voluntary.

Flores argues that his plea was involuntary because his lawyer pressured him to plead guilty without explaining the consequences of doing so. But the district judge cured any alleged deficiency by complying with Federal Rule of Criminal Procedure 11(b) during the plea colloquy. *See Vinyard v. United States*, 804 F.3d 1218, 1226 (7th Cir. 2015). The judge—through a Spanish interpreter—explained the nature of the charges, told Flores the consequences of pleading guilty (including the waivers of his rights to appeal and to collaterally attack his sentence), explained the statutory minimum sentences, advised him that he likely would be deported based on the convictions, and determined that a factual basis for the plea existed. *See United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). And despite Flores's assertions to the contrary, there is no evidence that the Spanish interpretation was flawed or that his lack of education hindered his ability to understand the judge. A "defendant is normally bound by the representations he makes to a court during the colloquy," *Hutchings*, 618 F.3d at 699, and Flores repeatedly stated under oath that he understood the judge, the proceedings, and his rights, and—despite quibbling over specifics on the meth charge—he offered his guilty plea, as he said, "[b]ecause I am guilty."

Nonetheless, Flores maintains, this court must consider not only his plea colloquy but also must look "beyond the transcript of the plea hearing to all the surrounding facts and circumstances." *Haase v. United States*, 800 F.2d 123, 127 (7th Cir. 1986); *see also United States v. Cruse*, 805 F.3d 795, 805 (7th Cir. 2015). Flores points to his affidavit submitted in support of the § 2255 motion, in which he avers that trial counsel did not explain the terms of the plea agreement, refused to share discovery materials, and when Flores asked him to withdraw, threatened Flores. But again, the judge compensated for any alleged inaction by thoroughly explaining the charges and the terms of the plea agreement, and Flores told the judge that he understood and that he was satisfied with his lawyer's representation. Flores now insists that he simply "answered the judge as [he] was told to do" because his lawyer had pressured him to plead guilty "whether [he] wanted to or not." This is false: Several times Flores disputed the detective's testimony and asked the judge questions, thereby demonstrating that he knew he could disagree when warranted. Flores contends that his lawyer's coercion is further demonstrated by the fact that his lawyer withdrew a few months after the plea hearing. But Flores was appointed new counsel before sentencing (and before the judge accepted the plea), and he offers no explanation for why *that* lawyer did not move to withdraw his plea. Flores's weak "after-the-fact explanation" does not "override the verity that presumptively attaches to a defendant's statements when entering a guilty plea." *Hutchings*, 618 F.3d at 699. Accordingly, because Flores's

guilty plea was voluntary, he is bound by the collateral-attack waiver to which he agreed. *See Nunez v. United States*, 546 F.3d 450, 454 (7th Cir. 2008).

Finally, the district court did not abuse its discretion by declining to hold an evidentiary hearing on the § 2255 motion because, as discussed above, the record conclusively shows that Flores is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016) ("Not every petitioner who seeks relief pursuant to § 2255 is entitled to an evidentiary hearing.").

Accordingly, we AFFIRM the district court's judgment.